UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN AIRLINES, INC., <br><br> Plaintiff, <br><br> -against- <br><br> THE NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS and LORELAI SALAS, in her official capacity as Commissioner of the NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS, <br><br> Defendants. | Index No. 1:19-cv-04424-NGG-RER <br><br> **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff American Airlines, Inc. ("American"), by and through its attorneys, O'Melveny & Myers LLP, brings this action against the New York City Department of Consumer Affairs ("DCA")[1] and Lorelai Salas, in her official capacity as the Commissioner of the DCA (the "Commissioner") (collectively, "Defendants"), and alleges as follows:

**INTRODUCTION**

1. The New York City Earned Safe and Sick Time Act, Title 20 of the Administrative Code, Sections 20-911 *et seq.* (the "Paid Sick Leave Law"), and its implementing Rules at Chapter 7 of Title 6 of the Rules of the City of New York, Sections 7-201 *et seq.* (the "Rules"), are preempted by the federal Airline Deregulation Act ("ADA") as applied to American's ground crew employees because the Paid Sick Leave Law relates to American's prices, routes, and services. *See* 49 U.S.C. § 41713(b).

---

[1] The DCA appears to be in the process of changing its name to the Department of Consumer and Worker Protection ("DCWP"). *See* NYC Consumer Affairs Home Page, https://www1.nyc.gov/site/dca/index.page (last visited October 2, 2019).

2. Paid leave laws, like the Paid Sick Leave Law, limit an airline's ability to monitor and prevent employee abuse of sick leave and other leave. Applying the Paid Sick Leave Law to American would ultimately cause spikes in ground crew absences and/or make daily attendance unpredictable in positions where regular attendance is of paramount importance to airline operations. This, in turn, would lead to increased delays and/or cancelled flights.

3. American already provides generous paid sick leave and other benefits to its ground crews, and has done so for years. American has negotiated these benefits in nationwide collective bargaining agreements ("CBAs") with the employees' union representatives. These CBAs allow ground crew employees to take paid time off to care for themselves and their family members. In exchange, American has preserved the right to monitor employee attendance and reliability to ensure an appropriate level of staffing necessary for its business operations and on-time departures of flights, as well as compliance with federal regulations governing duty time limitations applicable to certain ground crew employees. Applying the Paid Sick Leave Law and other, similar laws to American would abrogate these carefully negotiated provisions, which operate uniformly across American's nationwide operations, and replace them with an increasingly diverse and changing body of local laws. Because the burdens on operations imposed by the Paid Sick Leave Law would substantially affect American's prices, routes and services if applied to its ground crew employees, the Paid Sick Leave Law is preempted by the ADA.

4. Alternatively, as to certain American ground grew employees, American seeks a judicial declaration establishing that it is already in compliance with the Paid Sick Leave Law because those employees are covered by valid CBAs which expressly waive relevant provisions

of the Paid Sick Leave Law and provide for comparable benefits in the form of paid days off. *See* N.Y.C. Admin. Code § 20-916(a).

## NATURE OF THE ACTION

5. Pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202, American seeks a declaration that the ADA preempts the Paid Sick Leave Law, as applied to its ground crew employees, because the Paid Sick Leave Law relates to and adversely affects air carrier prices, routes, and services.

6. In the alternative, American seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the Paid Sick Leave Law does not apply with respect to certain American ground crew employees because such employees are covered by valid CBAs which expressly waive the Paid Sick Leave Law and provide for comparable benefits in the form of paid days off.

## PARTIES

7. American is an airline incorporated under the laws of the State of Delaware, with its principal place of business at 1 Skyview Drive, Fort Worth, Texas 76155. American is the largest airline in the United States and operates an air transportation system in interstate commerce, including in New York City. American employs a number of individuals who work within the borders of New York City.

8. American is an air carrier certified by the United States Federal Aviation Administration ("FAA") pursuant to 14 C.F.R. Part 121, and regulated by the FAA and the Transportation Security Administration of the United States Department of Homeland Security.

9. American is an "air carrier" as defined in Chapter 401 of the ADA, 49 U.S.C. § 40102.

10. Defendant DCA is an agency constituted under the laws of New York City and New York State and headed by the Commissioner. The DCA is charged with enforcing the Paid Sick Leave Law and promulgating rules and regulations thereunder.

11. Defendant Lorelai Salas is the DCA's Commissioner and she is named in her official capacity. As Commissioner, Ms. Salas is charged with enforcing the Paid Sick Leave Law and promulgating rules and regulations thereunder.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, because American's claims arise in part under the United States Constitution—specifically, Article VI, Clause 2 (the "Supremacy Clause"), as well as the ADA (an Act of Congress regulating commerce).

13. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1367 over American's claim under the Paid Sick Leave Law because that claim is so related to American's claim under the United States Constitution and ADA—over which this Court has original jurisdiction—that it forms part of the same case or controversy involving the enforcement of the Paid Sick Leave Law with respect to American's ground crew employees.

14. The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, authorizes the declaratory and other relief sought herein.

15. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391(b), because this Court is located in the judicial district where a substantial part of the events giving rise to American's claims have occurred, are now occurring, and will in the future occur.

## AMERICAN

16. American is the largest commercial airline in the United States and one of the largest commercial airlines in the world, offering service to more than 350 destinations throughout the United States and in 57 countries. American and its subsidiaries serve nearly 200 million travelers each year and offer more than 6,000 flights daily.

17. As an air carrier, American is subject to regulation by, *inter alia*, the FAA, the Department of Transportation, and the Department of Homeland Security—all of which have promulgated rules and regulations governing American's conduct.

18. American operates domestic and international flights daily into and out of John F. Kennedy International Airport ("JFK") and LaGuardia Airport ("LGA"), both of which are located in New York City.

19. American uses the term "ground crew" herein to refer to mechanics, fleet service workers (e.g., baggage handlers), customer service agents and representatives, and planners. Depending on the particular job in question, ground crew functions include performing maintenance work on aircraft, handling baggage, and providing customer service at airport ticket counters and gates.

20. American has negotiated methods for ground crew employee scheduling, as well as sick leave and other paid time off benefits, in nationwide CBAs with the employees' union representatives. The paid time off benefits which ground crew employees receive under their respective CBAs are comparable to (if not more generous in some ways than) the Paid Sick Leave Law benefits.

21. For example, full-time fleet service employees covered by the July 18, 2014 CBA between US Airways, Inc. ("US Airways") and the International Association of Machinists and

Aerospace Workers ("IAM") accrue eight hours of sick leave for nine designated accrual months per calendar year (i.e., up to 72 hours per year for full-time employees), which carry over from year-to-year up to a maximum of 1,400 hours.[2] Part-time fleet service employees covered by the US Airways-IAM CBA accrue one day of sick leave for nine designated accrual months per year, up to a maximum of nine days per calendar year, which carry over from year-to-year up to a maximum of 175 days. When fleet service employees use their sick leave, American pays them based on their regular hourly rates. Under the CBA, American may require supporting documentation whenever circumstances suggest abuse of sick leave, regardless of the number of workdays missed. Through their CBA, these fleet service employees waived the provisions of the Paid Sick Leave Law pursuant to N.Y.C. Admin. Code § 20-916(a).

22. As another example, mechanics who are covered by the July 18, 2014 CBA between US Airways and the IAM, and who have more than one month of service, accrue eight hours of sick leave for each month (excluding June and October) of continuous service in a year up to a maximum of 1,600 hours. When these mechanics use their sick leave, American pays them based on their regular hourly rates based on either 50 or 100 percent of their scheduled work hours. Pursuant to the governing CBA, American may require supporting documentation whenever circumstances suggest abuse of sick leave, regardless of the number of workdays missed. Through their CBA, pursuant to N.Y.C. Admin. Code § 20-916(a), these mechanics waived the provisions of the Paid Sick Leave Law.

---

[2] Effective December 30, 2015, American and US Airways merged, and US Airways ceased to exist. As a result, American became the employer of all US Airways employees, although the then-existing CBA continues to govern the legacy US Airways fleet service employees until negotiations for a new CBA (which are currently ongoing) are completed.

23. As a further example, full-time customer service representatives and gate agents covered by the December 1, 2015 CBA between American and the CWA-IBT Association ("CWA-IBT") accrue eight hours of sick leave per month, up to a maximum of 96 hours in a calendar year. Part-time customer service representatives and gate agents covered by this CBA accrue sick leave at a rate of five hours per month, up to a maximum of 60 hours in a calendar year. Accrued sick leave carries over from year-to-year up to a maximum of 1400 hours. Under the CBA, American pays sick leave at one hundred percent of the employee's hourly rate. Through their CBA, pursuant to N.Y.C. Admin. Code § 20-916(a), these customer service representatives and gate agents waived the provisions of the Paid Sick Leave Law.

24. American also maintains attendance and reliability policies for ground crew employees which allow American to monitor whether employees work when scheduled and ensure on-time operations and proper staffing support for its flights. These attendance and reliability policies also address American's need to comply with federal aviation regulations on duty time limitations for certain ground crew employees. These policies take into account the needs of the traveling public for consistent, on-time service, the needs of American's employees and passengers for safety, and the need to treat American's work force fairly and consistently throughout its entire operation regardless of the location of the airport where any given employee works. Because ground crew absences can cause significant operational disruptions, American monitors absences closely and takes corrective action when an employee has attendance and/or reliability issues.

## THE PAID SICK LEAVE PETITION

25. The DCA has sought to enforce the Paid Sick Leave Law against American. In October 2016, the DCA initiated an investigation into American's sick leave practices in New

York City. For more than two years, American cooperated with the DCA's investigation, although it did not believe the Paid Sick Leave Law applied to its ground crew employees for the reasons stated herein.

26. On July 24, 2019, the DCA filed a Paid Sick Leave Petition against American with the New York City Office of Administrative Trials and Hearings ("OATH") seeking to enforce the Paid Sick Leave Law with respect to certain employee groups, including ground crews. The Petition also seeks penalties and damages for American's alleged non-compliance with the Paid Sick Leave Law.

27. On July 25, 2019, the DCA served American with a copy of the Paid Sick Leave Petition.

**THE PAID SICK LEAVE LAW**

28. On or around February 26, 2014, the New York City Council passed the Paid Sick Leave Law (formally titled the New York City Earned Sick Time Act), Title 20 of the Administrative Code, Sections 20-911 *et seq.* The Paid Sick Leave Law, effective April 1, 2014, required private employers with five or more employees to provide paid sick time to employees who work more than 80 hours in a calendar year within New York City. N.Y.C. Admin. Code § 20-912(f). On November 6, 2017, the Paid Sick Leave Law was amended to expand the list of covered reasons for which paid leave can be used, to include "safe time," and to expand the list of covered family members for whom paid sick/safe time can be used. Those amendments went into effect on May 5, 2018.

29. The Paid Sick Leave Law directs the DCA to enforce the Law and investigate complaints of violations. N.Y.C. Admin. Code § 20-924(a)-(b).

30. On March 4, 2016, the DCA promulgated Rules, after a notice and comment period, to clarify certain provisions of the Paid Sick Leave Law.

31. The DCA has issued guidance on its enforcement and interpretation of the Paid Sick Leave Law in the form of, *inter alia*, Frequently Asked Questions ("FAQs"). The DCA most recently updated the FAQs on February 28, 2017.

32. The Paid Sick Leave Law requires that employees accrue sick/safe time at the rate of one hour for every 30 hours worked, up to a maximum of 40 hours per calendar year. N.Y.C. Admin. Code § 20-913(b). Alternatively, an employer may credit (i.e., "front-load") 40 hours of paid sick/safe time to employees at the beginning of each calendar year. *See* 6 R.C.N.Y. § 7-12.

33. The Paid Sick Leave Law defines "employee" as "any 'employee' as defined in section 190(2) of the [New York] labor law who is employed for hire within the city of New York for more than eighty hours in a calendar year who performs work on a full-time or part-time basis," subject to a few exceptions not applicable here. N.Y.C. Admin. Code § 20-912(f). The Paid Sick Leave Law's implementing regulations state that an individual meets the Paid Sick Leave Law's definition of "employee" if "the individual performs work, including work performed by telecommuting, for more than eighty hours while the individual is physically located in New York City, regardless of where the employer is located." 6 R.C.N.Y. § 7-04(b).

34. "Employer" likewise is defined broadly, as "any 'employer' as defined in section 190(3) of the [New York] labor law," subject to a few exceptions not applicable here. N.Y.C. Admin. Code § 20-912(g). Thus, American is presumed to be covered by the Paid Sick Leave Law (i.e., unless the Paid Sick Leave Law is enjoined).

35. The Paid Sick Leave Law does not apply to employees covered by a CBA if: "(i) such provisions [of the Paid Sick Leave Law] are expressly waived in such collective

bargaining agreement and (ii) such [collective bargaining] agreement provides for a comparable benefit for the employees covered by such agreement in the form of paid days off; such paid days off shall be in the form of leave, compensation, other employee benefits, or some combination thereof." N.Y.C. Admin. Code § 20-916(a).

36. Under the Paid Sick Leave Law, employees who accrue sick/safe time (as opposed to employees who receive "front-loaded" time) begin to accrue on their date of hire and must be permitted to use accrued time 120 days after the start of their employment. N.Y.C. Admin. Code § 20-913(d). Employers cannot be required to provide more than 40 hours of paid sick/safe time per calendar year, and employees who accrue time must be permitted to carry over up to 40 hours of unused paid time every year. N.Y.C. Admin. Code § 20-913(h).

37. The Paid Sick Leave Law also requires that paid sick/safe time be "compensated at the same rate as the employee earns from his or her employment at the time the employee uses such time, except that an employee who volunteers or agrees to work hours in addition to his or her normal schedule will not receive more in paid safe/sick time compensation than his or her regular hourly wage if such employee is not able to work the hours for which he or she volunteered or agreed even if the reason for such inability to work is one of the reasons in section 20-914 of this chapter." N.Y.C. Admin. Code § 20-912 (definition of "paid safe/sick time").

38. Employers may require that employees provide up to seven days' advance notice if the need for sick/safe leave is foreseeable. If the need to use leave time is unforeseeable, employees must give notice "as soon as practicable." N.Y.C. Admin. Code § 20-914(c).

39. Employers can require that employees provide supporting documentation when an employee uses sick/safe time for more than three consecutive workdays. N.Y.C. Admin. Code § 20-914.

40. Under the Paid Sick Leave Law, employers cannot "engage in retaliation or threaten retaliation against an employee for exercising or attempting to exercise any right provided pursuant to this chapter." N.Y.C. Admin. Code § 20-918. "Retaliation" includes any "discipline." *Id.* § 20-912(p) (definition of "retaliation"). Thus, employers are prohibited from counting sick/safe time absences toward discipline under their attendance/reliability policies.

## THE PAID SICK LEAVE LAW WOULD CAUSE SUBSTANTIAL HARM IF APPLIED TO AMERICAN'S GROUND CREW EMPLOYEES

41. The Paid Sick Leave Law and its implementing regulations would substantially harm American if applied to its ground crew employees. By way of example and without limitation:

42. The Paid Sick Leave Law imposes an hourly sick leave accrual rate, whereas American ground crew employees accrue sick leave and other time off in different ways as specified in their CBAs.

43. The Paid Sick Leave Law interferes with American's enforcement of nationwide attendance and reliability policies for its ground crew employees. For instance, the Paid Sick Leave Law prevents American from requesting medical verification of illness for absences lasting three days or less. This restriction significantly impairs American's ability to investigate fraud and abuse of the generous sick leave and other leave benefits provided to its ground crew employees.

44. Compliance with the Paid Sick Leave Law will, thus, lead to more ground crew employee absences, which will in turn cause more delays and flight cancellations; interfere with

interstate travel; adversely affect customer experiences; and cause lasting damage to American's brand. For example, if there is an increase in the number of ground crew employees who call in sick, American will not have enough ground crew employees to perform maintenance on aircraft, handle baggage, or manage check-in and boarding procedures. This will cause interruptions to service in the form of an increase in flight delays and cancellations.

45. The Paid Sick Leave Law further exposes American to a patchwork of inconsistent state and municipal regulatory regimes, adversely affecting efficient, on-time air transportation. Several of the airports to which American flies are in jurisdictions with their own paid sick-leave regimes. At least ten states have mandatory paid sick leave laws—Arizona, California, Connecticut, Maryland, Massachusetts, New Jersey, Oregon, Rhode Island, Vermont, and Washington—and there are more than 20 sick leave regimes at the local level.

46. These sick leave regimes impose different obligations on employers and grant employees different rights with respect to paid leave. For example, these regimes authorize different uses for paid leave, different accrual and annual carryover limits, different compensation rate formulas, different employee notification requirements, and different restrictions on when employers can request verification of the reason for an absence. Not only are the administrative costs of complying unreasonable, but attempts to comply simultaneously with these different regimes will cause mass confusion and expose American to a flood of new lawsuits and enforcement proceedings.

## CLAIMS

### COUNT I

### AIRLINE DEREGULATION ACT PREEMPTION

47. American re-alleges and incorporates herein each of the preceding allegations.

48. The Supremacy Clause, Article VI, Clause 2, of the United States Constitution states: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the Supreme Law of the land."

49. Under the Supremacy Clause, federal law preempts any state or local regulation in an area in which Congress has expressly or impliedly exercised exclusive authority.

50. Congress enacted the ADA to deregulate the airline industry; to ensure maximum reliance on competitive market forces; to encourage efficiency, innovation, and lower prices; and to meet the needs of consumers and the commerce of the United States. To prevent states from undoing federal deregulation of air transportation, Congress enacted a broad express preemption provision. The ADA expressly prohibits state and local governments from enacting or enforcing "a law, regulation or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b).

51. The Paid Sick Leave Law, as applied to ground crews, relates to and affects American's "prices, routes, or services," and is therefore preempted by the ADA.

52. By way of example and without limitation, the Paid Sick Leave Law impedes American's ability to enforce attendance and reliability policies designed to ensure on-time and efficient operations. As a result, application of the Paid Sick Leave Law to American's ground crew employees will lead to flight delays and, in some cases, cancellations. In these and other respects, the Paid Sick Leave Law impermissibly relates to American's prices, routes and services.

53. Because the Paid Sick Leave Law, as applied to American's ground crews, impermissibly regulates and relates to airline "prices, routes, or services," American requests

entry of a declaratory judgment that the ADA preempts the Paid Sick Leave Law as applied to its ground crews.

## COUNT II

## PAID SICK LEAVE LAW COMPLIANCE

54. American re-alleges and incorporates herein each of the preceding allegations.

55. Even if application of the Paid Sick Leave Law to American's ground crew employees were not preempted by the ADA, the Paid Sick Leave Law would not apply to those American ground crew employees who are covered by CBAs which waive the Paid Sick Leave Law and provide for comparable benefits in the form of paid days off.

56. Under New York City Administrative Code Section 20-916(a), the provisions of the Paid Sick Leave Law "shall not apply to any employee covered by a valid collective bargaining agreement if (i) such provisions are expressly waived in such collective bargaining agreement and (ii) such agreement provides for a comparable benefit for the employees covered by such agreement in the form of paid days off; such paid days off shall be in the form of leave, compensation, other employee benefits, or some combination thereof. Comparable benefits shall include but are not limited to vacation time, personal time, safe/sick time, and holiday and Sunday time pay at premium rates."

57. Because the US Airways-IAM CBA which covers fleet service employees, the US Airways-IAM CBA which covers mechanics, and the American/CWA-IBT CBA which covers passenger service employees each expressly waives the Paid Sick Leave law and provides paid days off benefits comparable to the benefits under the Paid Sick Leave Law (including as outlined in paragraphs 21-23 above), American is in compliance with the Paid Sick Leave Law as to these ground crew employees.

58. In the Paid Sick Leave Petition, the Defendants allege that there is no express waiver of the Paid Sick Leave Law in the US Airways-IAM CBA covering fleet service employees or the US Airways-IAM CBA covering mechanics and that neither the US Airways-IAM CBA covering fleet service employees, US Airways-IAM CBA covering mechanics, nor the American/CWA-IBT CBA covering passenger service employees provides comparable benefits to the Paid Sick Leave Law. Defendants allege that, therefore, the Paid Sick Leave Law applies to these ground crew employees and that American has violated the Paid Sick Leave Law with respect to employees covered by these CBAs. Defendants seek penalties and damages against American for this alleged non-compliance with the Paid Sick Leave Law.

59. Unless the Court issues declaratory relief resolving the relevant legal issues, American will be substantially injured. American has no prompt, adequate, and effective remedy at law and this action is the only means available to it for the protection of its rights.

60. Based on the foregoing, American is entitled to a judicial declaration to the effect that it is in compliance with the Paid Sick Leave Law as to the ground crew employees who are covered by the US Airways-IAM fleet service employees CBA, the US Airways-IAM mechanics CBA, or the American/CWA-IBT passenger service employees CBA.[3]

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks for the following relief:

a. Judgment against Defendants declaring that:

---

[3] The Paid Sick Leave Law does not apply to fleet service employees covered by the collective bargaining agreement between American and the Transport Workers Union of America, AFL-CIO ("TWU"), effective September 12, 2012, or the mechanics covered by the collective bargaining agreement between American and the TWU, effective September 12, 2012, because those agreements have not expired since the Paid Sick Leave Law took effect. *See* N.Y.C. Admin. Code § 20-911 (sec. 7).

    i. The Paid Sick Leave Law, as applied to American's ground crew employees, is preempted by the ADA; and

    ii. American is in compliance with the Paid Sick Leave Law with respect to the ground crew employees who are covered by the US Airways-IAM fleet service employees CBA, the US Airways-IAM mechanics CBA, or the American/CWA-IBT passenger service employees CBA because those CBAs expressly waive the relevant terms of the Paid Sick Leave Law and provide for comparable benefits in the form of paid days off.

b.   An award to American for its attorneys' fees and costs incurred in this action under 42 U.S.C. § 1988 and any other applicable law.

c.   Any other relief the Court may deem just and appropriate.

Dated: October 16, 2019

Attorneys for Plaintiff American Airlines, Inc.

By: /s/ *Mark W. Robertson*

O'MELVENY & MYERS LLP

Mark W. Robertson (S.B. #4508248)
Stephanie Drotar (S.B. #5296553)
7 Times Square
New York, NY 10036
Telephone: (212) 326-4329
Email: mrobertson@omm.com
      sdrotar@omm.com

Chris A. Hollinger (*pro hac vice application forthcoming*)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 948-8700
Email: chollinger@omm.com